Taylor, Judge.
I have no doubt hut the assignee ought to contribute one half to the discharge of this judgment: my doubt is, whether in equity .he cán be subjected da bonisproprds. by the return of a devastavit made by me sheriff, as he may at lav, When the argument next come* on, apply your observations to that topic.
Counsel against the supersedeas. — -This decree is entered either for the money to be levied out of the estate of the intestate, or it is absolute fer pay merit of the money, without saying out of what fund it shall be raised. Indeed every decree in equity against an executor or administrator, is regularly ler pay mens absolutely ; for unless the court has previously ascertained that he has assets, it will make no decree at all against him. Every bill in equity against an executor, must charge him with assets, or it will not lie. Admit, however, this is a decree to be levied of the goods of the deceased, the court has ascertained that there arc assets, or it would not have made the decree. No writ of execution can be used but that under our act oí 1787; ior independent of that act, all decrees being absolute, were cniorced by process of attachment, commission oí rebellion, ant! sequestration; the execution was proceeded against as all otheis were. The act of 1787, ch. 22, sec. 2, gives the common law execution; and consequently the sainé means when issued against an executor for enforcing the judgment, as are used upon similar occasions at law : otherwise, upon the íetuin oí nulla bona, the plaintiff is at the end of his process, and must lose the benefit of the decree which he had obtained ; and if so, it is but an idle thing to make a decree at all against executors or administrators ; they may always procure such a return by concealing from the sheriff the effects of the deceased. It is evident »ome moco must be adopted alter such retusn, to compel the administrate.!" to produce the assets: Andas no other is pointed cut by any act of Assembly, it is but reasonable to believe the kgisJatm e intended the common law execution should be accompanied with all its incidents ; and amongst the rest, with a capability of being converted into an absolute execution, by a return ol devas-tavit. An enquiry by jury might be adonice’, at it some Unu.-- *217 is at law ; but the defendant would reap no benefit from such a mode, more than he would in the way proposed : for if a jury were called, the not discharging himself of assets when the decree was made, will be conclusive evidence of assets at the inquiry, as it would be at law. Their verdict must eventually lead to the same consequence as the return oi devasiarcit does. Admitting then, that the decree is for the money recovered to be levied de bonis tgstatoris, the administrator is liable (if he will not produce the assets) to such an execution as he now complains of: but if the decree is for payment of the money, without saying out of what fund, then he is liable at all events ; and he cannot complain, if by a circuity we have now gotton that absolute execution, which should have issued against him in. the first instance. We mean to levy but one half of the sum recovered against him, although we think he is liable t© the whole, both at law and in equity. The decree was then produced, and the certificate of the clerk of that court, which fully warranted the decree as entered.
Counsel against the supersedeas. To what purpose is this su-persedeas? Has the execution issued erroneously? Is it not warranted by the decree ? Is it not warranted by the certificate ? Is any injustice about to be done to the administrator ? Our opponents say there are no assets charged in the bill; what then? The most they can sav is that the decree is erroneous ; and how is that to be rectified ? Can it be done on motion ? There is no other way of correcting an error in the decree, but by bill of review. If they bring that, the court tvilL correct all errors ; they will say this bill is not sustainable in equity, nor the lessee liable, in the first instance ; and they will make the estate of the assignee liable in the first instance; and in case he is not sufficient, then the les_.ee. This court cannot alter the decree upon motion; such an alteiation is prohibited by et'ery rule tobe found in the books. Il' they sire driven to a bill of review, it will be for our advantage, not only for the reasons before given, but also for another reason, that a bill of review will not lie, till they have performed the decree.
Taylor, Judge. Let it be referred to the court of Conference to decide whether it was their intent to charge the defendant personally, or not.
S^uere de hoc, for if decrees entered of record may be corrected auer execution issues, by the remembrance of the judges who passed them; being always subject to such correction, they can never become final, and we shall never know by seeing the record, what it means. Vide Wyatt’s Register, 96,61', 155. I suppose the effect of this suspension was that whilst the cause depended in the court of Conference, for them to consider how fir they meant to charge the administrator, that the lessee was compelled to pay all.